## Litvin v. Heyman

*Eric L. Lilian*, for landlord.
*Harry Lore*, for tenants.
*Stanley J. Shapiro*, for tenant association.

SPORKIN, *J.*, April 11, 1975—This equity action is before us on consolidated cross claims by McCallum Manor Associates, owner-lessor of premises 6635 McCallum Street, Philadelphia, Pa. (hereinafter "the subject premises"), and certain individual tenants at the subject premises, together with a tenant association known as Northwest Tenants Organization. The claims arise from a rent withholding action by the individual tenants (comprising approximately one-fifth of the rental units in the building), alleging that lessor has failed to properly maintain the premises. There is, to this date, approximately $20,000 or in excess thereof in an escrow fund into which the withholding tenants have deposited sums from rent since approximately May 1974.

In the course of our hearings, a view was taken of the subject premises, and testimony has been taken on several occasions, particularly by the tenants. At a further hearing before this court on April 9th through 10th, 1975, Renee Heyman, who manages and operates McCallum Manor Associates, presented testimony which has convinced us that certain funds should be released from the escrow account in order to prevent the possible collapse of financing of the building. Bills were presented, together with a balance sheet of expenditures, which convince us that the outstanding expenses and mortgage payments cannot be met through simple application of the monies received from those units

which are not withholding their rents. We have not received evidence that the mortgage for the building is about to be *foreclosed* upon, but we do not believe that, as a court of equity, we must wait until a catastrophe occurs before we may take any steps toward an equitable remedy to the overall problem.[1]

Accordingly, we have decided at this point to order the release of $6,000 from the funds held in escrow by the withholding tenants. (Having heard the substance of the tenants' complaints, we must note that we do not find that the release of such sum will so deplete the escrow fund as to unduly prejudice the claim of the tenants that they should be awarded their rental money for compensation for lack of repairs at the premises, nor do we find that the release of such sum will unduly prejudice the leverage position of the tenants in withholding sums of rent in order to receive repairs claimed to be necessary at the premises.) It is to be expressly understood, however, that this order is subject to review upon receipt of all of the relevant evidence, including the books of first entry and the check books of McCallum Manor Associates and of the testimony of its accountant, if such is presented. *If,* upon receipt of all of the relevant and credible testimony, we believe that our interim order released too little or too much money from escrow, we reserve the right to issue such further order as may

---

1. It is pertinent to note, however, that the mortgage bears interest at the rate of 5¾ percent per annum, which interest rate is far less than the rate that would be charged were the mortgage foreclosed upon and a new mortgage created under present rates, which could run as high as 14 percent per annum. We are greatly concerned, in weighing the equities of this case as it develops, with avoiding such a hazardous and precipitous blow to the financial structure of the complex.

be necessary and appropriate under the circumstances.

## INTERIM ORDER

And now, April 11, 1975, it is hereby ordered and decreed that the sum of $6,000 be released from the rental funds escrowed by the individual tenants at McCallum Manor Associates of premises 6635 McCallum Street, Philadelphia, Pa., which funds are the subject of these equity suits.